# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

**RICHARD SMITHERAN**,
        **Plaintiff,**
     **v.**                        **Case No. 17-C-1713**

**KEITH PARMENTIER,**
         **Defendant.**

_____

## ORDER

On April 17, 2019, defendant filed a motion to compel plaintiff to sign medical authorizations that were sent to him on December 20, 2018. Docket No. 35. Defendant states that he needs access to plaintiff's medical records to assess the extent of plaintiff's injuries and properly defend his claim of excessive force. *Id.* at 2.

A party can ask the district court to compel discovery if an opposing party fails to respond to discovery requests. *See* Fed. R. Civ. P. 37(a)(1)-(4). A motion to compel is justified if the moving party first attempted to resolve the discovery dispute with the opposing party and included with the motion to compel "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See* Fed. R. Civ. P. 37(a)(1) and Civ. L. R. 37(1). Defendant states that he attempted to contact plaintiff twice to resolve the issue (once on February 20, 2019 and again on April 4, 2018) but plaintiff did not respond. Docket No. 35 at 2. Therefore, defendant satisfied the requirement to attempt to meet and confer prior to filing this motion.

Defendant is entitled to discovery on any non-privileged matter that is relevant to the claims or defenses in this case. *See* Fed. R. Civ. P. 26. The extent of plaintiff's

injuries is relevant in defending a claim of excessive force. *See Conrad v. Prochaska*, No. 17-CV-664-PP, 2019 WL 1227933, at *3 (E.D. Wis. Mar. 15, 2019) ("The plaintiff has claimed that the defendant used excessive force against him. That claim makes his medical and jail records relevant."); *see also Colorado v. Platteville Police Dep't*, No. 07-CV-486-BBC, 2008 WL 3669079, at *2 (W.D. Wis. Apr. 21, 2008) (granting defendants' motion for summary judgment in part because "[p]laintiff cannot be deposed or provide the medical authorization necessary to allow defendants to effectively investigate his claim that defendant Haas used excessive force in arresting him.") Plaintiff also failed to timely oppose the motion to compel or assert privilege. *See* Civ. L. R. 7(b) ("[A]ny memorandum…in opposition must be filed within 21 days of service of the motion."). Therefore, I will grant defendant's motion to compel. If plaintiff wants to continue prosecuting this case, he must sign and return the medical authorization. If plaintiff fails to sign and return the medical authorization, defendant may file an appropriate motion. Plaintiff can also voluntarily dismiss this case (without incurring a strike) if he does not want to sign the medical authorization.

Given that defendant does not have the evidence he needs to defend this case, I will grant his request to extend the scheduling order. *See* Docket No. 35 at 2. The discovery deadline is reset to **August 1, 2019** and dispositive motions are due **September 5, 2019**.

**IT IS ORDERED** that defendant's motion to compel (Docket No. 35) is **GRANTED**. If plaintiff wants to continue prosecuting this case, he must sign and return the medical authorization. Plaintiff can also voluntarily dismiss this case (without incurring a strike) if he does not want to sign the medical authorizations.

**IT IS FURTHER ORDERED** that the discovery deadline is reset to **August 1, 2019** and dispositive motions are due **September 5, 2019**.

Dated at Milwaukee, Wisconsin, this <u>14th</u> day of May, 2019.

<u>s/Lynn Adelman</u>
LYNN ADELMAN
District Judge